## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID WAYNE ROBISON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. _____ |
| | § | |
| ROCK HAULERS, LLC and | § | |
| STEVEN CURTIS SIVARD, | § | |
| | § | |
| Defendants. | § | |

---

## PLAINTIFF'S ORIGINAL COMPLAINT
## AND JURY DEMAND

---

Plaintiff David Wayne Robison files this Original Complaint against Defendants Rock Haulers, LLC ("Rock Haulers") and Steven Curtis Sivard ("Sivard"), and would respectfully show as follows:

## I.
## NATURE OF THE ACTION

1.     Plaintiff brings this action for damages related to personal injuries he sustained when his vehicle was struck by Defendants' tractor trailer on or about July 17, 2020, in Lamar County, Texas.

## II.
## JURISDICTION AND VENUE

2.     This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a)(1) because the amount in controversy exceeds $75,000 and

---

there is complete diversity of citizenship among the parties. Plaintiff is a citizen of Texas. Defendants are citizens of Oklahoma.

3.    Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred within the Eastern District of Texas.

## III.
## THE PARTIES

4.    Plaintiff David Wayne Robison is a natural person domiciled in Texas and residing in Lamar, County, Texas. The last three numbers of Plaintiff's social security identification are 374 and the last three numbers of his driver's license are 173.

5.    Defendant Rock Haulers, LLC is a foreign corporation doing business in the State of Texas. Rock Haulers is registered with and authorized by the Federal Motor Carrier Safety Administration ("FMCSA") as an interstate motor carrier and may be served through its FMCSA registered agent, Rock Haulers, LLC, 2596 East 2140 Road, Grant, Oklahoma 74738, or wherever said Defendant may be found. The issuance of a summons is requested.

6.    Defendant Steven Curtis Sivard ("Defendant Sivard") is a natural person domiciled in Oklahoma and residing in Choctaw County, Oklahoma. He may be served with process at his residence located at 1014 South Main Street,

Fort Towson, Oklahoma, 74735, or wherever he may be found. The issuance of a summons is requested.

## IV.
## FACTUAL BACKGROUND

7.    On or about July 17, 2020, Plaintiff David Wayne Robison was traveling westbound on NE Loop 286 in Lamar County, Texas.

8.    At the same time, Defendant Sivard was driving Defendant Rock Hauler's tractor trailer, also traveling westbound on NE Loop 286. Defendant Sivard suddenly veered into Plaintiff's lane of travel, causing the tractor trailer to collide with Plaintiff's vehicle (the "Collision").

9.    Defendant Sivard failed to observe traffic conditions, failed to yield the right of way, failed to maintain a proper lookout for other vehicles, and failed to change lanes when safe to do so, and thereby caused the Collision.

10.    As a direct and proximate result of the Collision, Plaintiff suffered severe injuries and damages.

11.    At the time of the Collision, the tractor trailer was being operated in interstate commerce under the authority of Defendant Rock Haulers, an authorized interstate motor carrier that is registered with the Federal Motor Carrier Safety Administration under USDOT #2324486.

12.    Defendant Rock Haulers retained the right and responsibility to control supervision, operation, and maintenance of the tractor trailer.

13.     On information and belief, at the time of the Collision, Defendant Sivard was driving the tractor trailer in the course and scope of an employment, servant, or agency relationship between and amongst himself, and Defendant Rock Haulers, or otherwise in furtherance of the business interests of Defendant Rock Haulers.

## V.
## CAUSES OF ACTION

### A.     Vicarious Liability

14.     Plaintiff incorporates by reference the preceding paragraphs, as if set forth fully herein.

15.     At the time of the Collision, Defendant Sivard was the agent, servant, representative, and/or employee of Defendant Rock Haulers, and was acting within the course and scope of that relationship.

16.     Therefore, Defendant Sivard and Defendant Rock Haulers are jointly and severally liable for Plaintiff's damages under the statutory employee doctrine, *Respondeat Superior*, and/or related agency principles.

### B.     Negligence - Defendant Steven Curtis Sivard

17.     Plaintiff incorporates by reference the preceding paragraphs as if set forth fully herein.

18.     At the time of the Collision, Defendant Sivard had a duty to exercise the ordinary care of a reasonably prudent operator of a vehicle under the same or similar circumstances.

19.     Defendant Sivard breached that duty of care by:

    a.    Failing to keep a proper lookout;

    b.    Failing to maintain proper control of the tractor trailer;

    c.    Failing to use ordinary care to control his speed, as a reasonably prudent driver would, under the same or similar circumstances;

    d.    Failing to maintain a safe following distance from Plaintiff's vehicle, as a person exercising reasonably prudent care would have;

    e.    Failing to apply his brakes in a timely and prudent manner, or, in the alternative, wholly failing to apply his brakes in order to avoid colliding with other vehicles;

    f.    Being inattentive and/or allowing himself to be distracted;

    g.    Failing to anticipate foreseeable hazards as a reasonably prudent driver would under the same or similar circumstances;

    h.    Failing to generally act as an ordinary prudent driver under the same or similar circumstances;

    i.    Failing to obey applicable traffic laws of Texas, including Tex. Transp. Code §§ 545.401 and 545.060; and

    j.    Failing to comply with the applicable standards set forth in the Federal Motor Carrier Safety Regulations, including 49 CFR §392.1, et seq.

20.     Defendant Sivard's conduct in violation of Texas Transportation Code § 545.060 and applicable operating rules per 49 CFR § 392.2 constitutes negligence *per se*.

21.     Each of Defendant Sivard's breaches was a proximate cause of Plaintiff's injuries and damages.

### C.   Negligence - Defendant Rock Haulers

22.   Plaintiff incorporates by reference the preceding paragraphs as if set forth fully herein.

23.   At the time of the Collision, Defendant Rock Haulers had a duty to exercise the ordinary care of a reasonably and prudent motor carrier regarding the employment of Defendant Sivard and in the operation of the tractor trailer.

24.   Defendant Rock Haulers breached that duty of care by:

a.   Hiring Defendant Sivard;

b.   Failing to properly investigate Defendant Sivard's driving ability, prior employment history, and driving record;

c.   Failing to properly train Defendant Sivard to drive in a safe and prudent manner;

d.   Failing to properly supervise Defendant Sivard to ensure that he would operate the tractor trailer in a safe and prudent manner;

e.   Failing to make a prudent inquiry into the driving competency of Defendant Sivard;

f.   Recklessly employing Defendant Sivard;

g.   Failing to implement reasonable safety policies and procedures;

h.   Failing to enforce safety policies and procedures;

i.   Failing to meet the applicable standards set forth in the Federal Motor Carrier Safety Regulations, including 49 CFR § 390.11, et seq and § 385.1, et seq.

25.   Additionally, the violations of local, state, and federal traffic laws stated above constitute negligence *per se*.

26.     Each of Defendant Rock Haulers' breaches was a proximate cause of Plaintiff's injuries and damages.

**D.     Negligent Entrustment - Defendant Rock Haulers**

27.      Plaintiff incorporates by reference the preceding paragraphs as if set forth fully herein.

28.     At the time of the Collision, Defendant Rock Haulers owned the tractor trailer that Defendant Sivard was driving. Defendant Rock Haulers retained the right to control the tractor trailer, including to whom the tractor trailer was entrusted, and entrusted its tractor trailer to Defendant Sivard.

29.     Defendant Rock Haulers was negligent in entrusting the tractor trailer to Defendant Sivard because he was an unlicensed, incompetent, and/or reckless driver, and Defendant Rock Haulers knew, or through the exercise of ordinary care should have known, that Defendant Sivard was an unlicensed, incompetent, and/or reckless driver.

30.     Defendant Rock Haulers was therefore negligent in entrusting the tractor trailer to Defendant Sivard, and such negligent acts and omissions on the part of Defendant Rock Haulers were done with conscious indifference to the rights and safety of others, including Plaintiff, which was a direct and proximate cause of the Collision and a proximate and producing cause of Plaintiff's injuries and damages.

### E. Common Carrier

31.    Plaintiff incorporates by reference the preceding paragraphs as if set forth fully herein.

32.    Defendant Sivard was working for Defendant Rock Haulers at the time of the Collision. Both Defendants were in the business of carrying cargo and held themselves out for hire by the public. Accordingly, Defendants are a common carrier, collectively and individually, and had a duty to exercise the high degree of care of a reasonably prudent operator of a vehicle under the same or similar conditions.

33.    Defendants breached their duty to care to the public, and more specifically, to Plaintiff.

34.    Each and all of the above and foregoing acts, both of omission and commission, were negligence and constituted negligence and were each and all, independently and/or concurrently, the sole proximate cause of Plaintiff's injuries and damages.

35.    As a common carrier, Defendant Rock Haulers owed Plaintiff a legal duty to entrust its vehicles to competent and trustworthy drivers. Defendant Rock Haulers owed a heightened duty of care in hiring, supervising, and training employees. Defendant Rock Haulers breached the duty by negligently entrusting a commercial motor vehicle to Defendant Sivard without properly training or supervising him and by negligently retaining him

after they knew or should have known he was not a safe, and/or trustworthy driver. Likewise, Defendant Sivard owed Plaintiff a heightened duty as a common carrier. Defendants, jointly and severally, breached their duty to Plaintiff. Defendants' breaches proximately caused the Collision and Plaintiff's severe injuries and damages.

### F.   Gross Negligence

36.   Plaintiff incorporates by reference the preceding paragraphs as if set forth fully herein.

37.   Defendants' acts and omissions described above, when viewed objectively from the standpoint of Defendants at the time of the Collision involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, including Plaintiff.

38.   Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and/or welfare of others, including Plaintiff.

39.   Defendants' acts and/or omissions described above proximately caused Plaintiff's injuries and damages.

## VI.
## DAMAGES

### A.   Plaintiff's Personal Injury Damages

40.   Plaintiff incorporates by reference the preceding paragraphs as if set forth fully herein.

41.    As a proximate result of Defendants' negligent acts and omissions, Plaintiff has suffered damages, which include but are not limited to: past and future pain and suffering; past and future mental anguish; past and future medical, pharmaceutical, care, therapy, and treatment expenses; past and future lost earning capacity; past and future physical impairment; past and future disfigurement; and past and future loss of enjoyment of life.

**B.    Exemplary Damages**

42.    Plaintiff incorporates by reference the preceding paragraphs as if set forth fully herein.

43.    Defendants' acts and omissions, as described above in constitute gross negligence, which allows Plaintiff to recover exemplary damages under Texas Civil Practice & Remedies Code § 41.003(a).

**C.    Pre-Judgment and Post-Judgment Interest**

44.    Plaintiff is entitled to recover pre-judgment and post-judgment interest at the legal rate as provided by law.

**VII.**
**JURY DEMAND**

45.    Plaintiff respectfully requests that the trial of this cause be by jury, and Plaintiff will tender the requisite fee.

# VIII.
# PRAYER FOR RELIEF

46.   WHEREFORE, Plaintiff prays that he be awarded judgment against Defendants, including, but not limited to, the following:

    a.   Actual, compensatory, consequential, and special damages;

    b.   Past and future medical expenses;

    c.   Past and future pain and suffering;

    d.   Past and future mental anguish;

    e.   Past and future disfigurement;

    f.   Past and future physical impairment;

    g.   Past lost wages;

    h.   Future lost earning capacity;

    i.   All other economic damages allowed by law;

    j.   Punitive damages;

    k.   Pre-judgment and post-judgment interest at the maximum legal rate;

    l.   Costs of Court; and

    m.   Such other and further relief to which Plaintiff may be entitled under equity and in law.

Dated March 8, 2022

Respectfully submitted,

By:  /s/ *Barrett T. Robin*
**Christopher S. Hamilton**
State Bar No. 24046013
chamilton@hamiltonwingo.com
**Ray T. Khirallah, Jr.**
State Bar No. 24060091
rkhirallah@hamiltonwingo.com
**Barrett T. Robin**
State Bar No. 24098332
brobin@hamiltonwingo.com


**HAMILTON WINGO, LLP**
325 N. Saint Paul Street, Suite 3300
Dallas, Texas 75201
Tel: (214) 234-7900
Fax: (214) 234-7300

**ATTORNEYS FOR PLAINTIFF**