# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| DAVID WAYNE ROBISON, § § § *Plaintiff,* § § v. § § ROCK HAULERS, LLC and STEVEN § CURTIS SIVARD, § § *Defendants.* § | Civil Action No.  4:22-CV-188 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Rock Haulers, LLC's Motion to Bifurcate Trial Pursuant to Texas Civil Practice & Remedies Code § 72.052 (Dkt. #11).  Having considered the motion and the relevant pleadings, the Court finds that the motion should be **DENIED.**

## BACKGROUND

This case arises out of a motor vehicle collision that occurred in Lamar County (Dkt. #1). On July 17, 2020, Plaintiff David Wayne Robison ("Robison") was struck by Defendant Steven Curtis Sivard ("Sivard") in a tractor-trailer.  At the time of the collision, Sivard was an employee of Defendant Rock Haulers, LLC ("Rock Haulers") and was operating a Rock Haulers vehicle. On March 9, 2022, Robison filed suit against both Sivard and Rock Haulers (collectively, "Defendants") alleging various theories of negligence, including negligent entrustment, negligence per se, and gross negligence that ultimately caused Robison's alleged injuries (Dkt. #1 at pp. 4–9).

In 2021, the Texas Legislature passed a statute dealing with personal injury lawsuits like this one, Texas Civil Practice & Remedies Code § 72.052.  Under this section, "on motion by a

defendant, the court shall provide for a bifurcated trial," allowing the first phase of trial to proceed on whether an employee defendant was negligent "in operating an employer defendant's commercial motor vehicle" and the second phase of trial to proceed on the question of whether an employer defendant was negligent. TEX. CIV. PRAC. & REM. CODE § 72.052. The purpose of bifurcating these trials is that the answer to the first question can be a prerequisite for the second question, as the findings in the first phase of trial "may serve as a basis for the claimant to proceed in the second phase of the trial on a claim . . . such as negligent entrustment, that requires a finding by the trier of fact" that the employee was negligent. *Id.*

On August 19, 2022, Rock Haulers filed the pending motion to bifurcate, citing § 72.052 as its authority (Dkt. #11). On September 2, 2022, Robison filed a response, opposing Rock Hauler's motion and arguing that Rock Hauler cites to the wrong authority, as Federal Rule of Civil Procedure 42(b) governs bifurcation in federal court (Dkt. #12).

**LEGAL STANDARD**

"The Erie doctrine requires federal courts to apply substantive state law when adjudicating state law claims. Procedural matters, however, are governed by federal law." *Herbert v. Wal-Mart Stores, Inc.*, 911 F.2d 1044, 1047 (5th Cir. 1990) (citing *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)). A law is determined to be procedural or substantive based on whether it "concerns merely the manner and the means by which a right to recover, as recognized by the State, is enforced, or whether such statutory limitation is a matter of substance." *Guar. Trust Co. of N.Y. v. York*, 326 U.S. 99, 109 (1945).

Federal Rule of Civil Procedure 42(b) provides: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." However, bifurcation "is not the usual

course that should be followed." *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 304 (5th Cir. 1993) (citations omitted). The party seeking bifurcation of a trial bears the burden of proving that bifurcation is necessary. *Chartis Specialty Ins. Co. v. Tesoro Corp.*, 930 F. Supp. 2d 653, 662 (W.D. Tex. 2013) (quoting *Crompton Greaves, Ltd. v. Shippers Stevedoring Co.*, 776 F. Supp. 2d 375, 402 (S.D. Tex. 2011)).

A motion to bifurcate is a matter within the sole discretion of the trial court. *Nester v. Textron, Inc.*, 888 F.3d 151, 162 (5th Cir. 2018) (quoting *First Tex. Sav. Ass'n v. Reliance Ins. Co.*, 950 F.2d 1171, 1174 n.2 (5th Cir. 1992)). However, an important limitation on the court's discretion is that the issues to be bifurcated "must be so distinct and separate from the others that a trial of it alone may be had without injustice." *McDaniel*, 987 F.2d at 305 (quoting *Swofford v. B. & W., Inc.*, 336 F.2d 406, 415 (5th Cir. 1964), *cert. denied*, 379 U.S. 962 (1965)). This limitation exists for two reasons. First, the Seventh Amendment guarantee of a trial by jury is "the *general right of a litigant to have only one jury pass on a common issue of fact.*" *Id.* (emphasis in original) (quoting *State of Ala. v. Blue Bird Body Co., Inc.*, 573 F.2d 309, 318 (5th Cir. 1978)) (citing *Gasoline Products Co. v. Champlin Ref. Co.*, 283 U.S. 494, 499–500 (1931)). Second, the "rule has an additional, pragmatic basis—if two juries were allowed to pass on an issue involving the same factual and legal elements, the verdicts rendered by those juries could be inconsistent, producing intolerably anomalous results." *Id.* (citing *Blue Bird Body Co.*, 573 F.2d at 318).

## ANALYSIS

Rock Haulers argues the pending motion is timely under the language of Texas Civil Practice and Remedies Code § 72.052 and that because it stipulates that Sivard was an employee and acting in the scope of employment at the time of the accident, the motion should be granted (Dkt. #11 ¶¶ 4–5). However, in the pending motion, Rock Haulers fails to address the central

3

dispute for this motion—whether a federal court is bound by the language of Texas Civil Practice and Remedies Code § 72.052.

The first question that the Court must decide is whether the newly enacted statute, § 72.052, is a substantive law or a procedural law. This is because federal courts sitting in diversity must apply state substantive law and federal procedural law. *Gasperini v. Ctr. for Humans, Inc.*, 518 U.S. 415, 427 (1996). At least one other federal district court in Texas has been tasked with answering this question. *See Trejo-Munoz v. Henderson*, ___ F. Supp. 3d ___, No. H-22-868, 2022 WL 2815103, at *2 (S.D. Tex. July 19, 2022) ("Whether a Federal Rule controls over Texas Civil Practice & Remedies Code § 72.052 is a question of first impression.").

While this analysis may be difficult at times, it is well-established precedent that in this circuit, the decision to bifurcate a trial is primarily procedural in nature. *Rosales v. Honda Motor Co.,* 726 F.2d 259, 260 (5th Cir. 1984); *Nester,* 888 F.3d at 153 ("But, in our federal system, bifurcation is a case-specific procedural matter within the sole discretion of the district court."); *Aikens v. Cent. Oregon Truck Co.*, No. 4:20-CV-567, 2021 WL 4263169, at *2 (E.D. Tex. Sept. 20, 2021); *Moser as Tr. of Tr. Under the Amended Joint Plan of Liquidation of Tango Transp., LLC v. Navistar Int'l Corp.*, No. 4:17-CV-598, 2019 WL 430908, at *1 (E.D. Tex. Feb. 4, 2019). Therefore, based on the case law in this circuit, federal procedural law controls and the Court is not bound by § 72.052. Instead, Federal Rule of Civil Procedure 42 will control, and the Court will conduct an analysis under the relevant section.

Under Rule 42(b), bifurcation "is a matter within the sole discretion of the trial court." *Nester*, 888 F.3d at 162. Rock Haulers does not make any arguments why the Court should grant the pending motion under the relevant factors under Rule 42(b). FED. R. CIV. P. 42(b) ("For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate

4

trial . . . .). Additionally, after reviewing the pleadings, the Court finds that bifurcation is not warranted given those factors. The convenience factor weighs against bifurcation in this case. The Court sees no problem with trying all of Robison's theories together in a single trial, as there is substantial overlap between the issues that both phases would be discussing, the auto collision. The Court also does not identify any potential prejudice that bifurcating the case would help to avoid, as any prejudice can be avoided with carefully drafted jury instructions. Bifurcation will also not expedite and economize the trial, particularly considering the Court's busy trial schedule. Finally, the limitation on the Court to grant a bifurcated trial is important here, as the Court does not find that the two phases are "so distinct and separate" from each other. *See McDaniel*, 987 F.2d at 305. Accordingly, the Court sees no valid basis to grant the pending motion.

## CONCLUSION

It is therefore **ORDERED** that Defendant Rock Haulers, LLC's Motion to Bifurcate Trial Pursuant to Texas Civil Practice & Remedies Code § 72.052 (Dkt. #11) is hereby **DENIED**.

**IT IS SO ORDERED.**

SIGNED this 22nd day of February, 2023.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE